UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IZEAL ACKER,

                Plaintiff,

v.                               Case No. 3:10-cv-984-J-34TEM

CITY OF JACKSONVILLE,
et al.,

                Defendants.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Izeal Acker, a pretrial detainee at the Duval County Jail in Jacksonville, Florida, initiated this action by filing a pro se Civil Rights Complaint (Complaint) (Doc. #1) on October 22, 2010, pursuant to 42 U.S.C. § 1983. He names the following individuals and entities as the Defendants in this action: (1) City of Jacksonville; (2) Department of Correctional Services; (3) Jacksonville Sheriff's Office; and (4) Sheriff John H. Rutherford. Plaintiff claims that the Defendants have violated his federal constitutional rights by denying him medical care, hygiene items, nutritious food, reading materials, religious services, adequate recreational opportunities, educational programs, and law library services. As relief, Plaintiff Acker requests that this Court

issue a court order "to correct all the complaints listed in the Civil Complaint" and to compensate him $15,000 for the deprivations. Complaint at 5.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (PLRA), which requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'"  Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any section 1983 action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present:  (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.  Houston v. Williams, 547 F.3d 1357, 1360-61 (11th Cir. 2008) (citing 42 U.S.C. § 1983).

As previously noted, Plaintiff names the Jacksonville Sheriff's Office as a Defendant.  The Jacksonville Sheriff's Office is not a proper party to the lawsuit because, under Florida law, the Sheriff's department is not a legal entity that can be sued. Christy v. Sheriff of Palm Beach County, Fla., 288 Fed.Appx. 658, 662-63 (11th Cir. 2008) (not selected for publication in the Federal Reporter), cert. denied, 129 S.Ct. 2435 (2009); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992).

Further, it appears that Plaintiff is attempting to hold Sheriff Rutherford liable on a theory of respondeat superior.  The United States Court of Appeals for the Eleventh Circuit has stated:

> "[S]upervisory officials are not liable under § 1983 for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v.

> Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotation omitted). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Id. (quotation and brackets omitted). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Id. (quotation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Id. (quotation omitted). A causal connection could also be established and supervisory liability imposed where the supervisor's improper custom or policy "results in deliberate indifference to constitutional rights." Id. (quotation omitted).

Simpson v. Stewart, No. 09-11647, 2010 WL 2712129, *1 (11th Cir. July 9, 2010) (not selected for publication in the Federal Reporter). Plaintiff has failed to allege that Defendant Rutherford personally participated in any unconstitutional conduct. Further, he has not alleged any causal connection between the actions or inactions of Defendant Rutherford and any constitutional deprivation.

Moreover, to the extent that Plaintiff is naming the Duval County Jail, the jail is not a person subject to liability under 42 U.S.C. § 1983. See Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3rd Cir. 2006), cert. denied, 547 U.S. 1207 (2006); see also

Stephens v. Hillborough County Sheriff's Office, No. 806CV2239T24MAP, 2006 WL 3614922, at *4 (M.D. Fla. Dec. 11, 2006) (dismissing Plaintiff's claims against the Hillsborough County Jail as frivolous since the jail "is not an actionable legal entity" and stating "Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with the jail's operation and control.").

To the extent that Plaintiff is seeking compensatory damages[1] for mental or emotional injuries, Plaintiff's action for damages against the Defendants is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 112 (2004).

Finally, Plaintiff failed to use the appropriate civil rights complaint form to present his claims.  As a result, he did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised his claims previously.  In reviewing any previous filings, this Court must also consider the nature of Plaintiff's actions. See 28 U.S.C. § 1915(g).  Plaintiff also failed to provide service copies of his Complaint for each named Defendant.  Moreover, Plaintiff failed to either submit a fully completed Affidavit of Indigency to proceed as a pauper or to pay the $350.00 filing fee.

---

[1] The Complaint cannot be liberally construed as requesting nominal damages because Plaintiff specifically requests only compensatory damages. See Complaint at 5.

The Clerk of Court will be directed to provide a civil rights complaint form and Affidavit of Indigency form to Plaintiff. The civil rights complaint form will guide Plaintiff as to how he should present his conditions of confinement claims. If Plaintiff chooses to refile a civil rights complaint in this Court to address any alleged constitutional violations, he must submit a fully completed civil rights complaint form with an original signature and must submit a copy of the form for each Defendant for service of process.[2] Furthermore, Plaintiff must either pay the $350.00 filing fee or provide the Court with a fully completed Affidavit of Indigency form.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment dismissing this case without prejudice.

3. The Clerk of Court shall send a civil rights complaint form and an Affidavit of Indigency form to Plaintiff. If Plaintiff elects to initiate a civil rights action, Plaintiff shall *either* file a fully completed Affidavit of Indigency with an attached printout of the transactions in his prison account for the six-month period preceding the filing of his complaint (if Plaintiff

---

[2] Plaintiff should note that any unrelated claims must be raised in separate actions.

desires to proceed as a pauper) **or** pay the $350.00 filing fee (if Plaintiff does not desire to proceed as a pauper).  Plaintiff should not place this case number on the forms.  The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

    4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of October, 2010.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 10/25
c:
Izeal Acker